# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

STEPHANIE C. SANS,
    Plaintiff,

v.

PETER T. SZYMONIK,
    Defendant.

No. 3:18-cv-1843 (MPS)

## ORDER

State-court defendant Peter T. Szymonik removed this 12-year-old Connecticut family court action to federal court, arguing that the proceedings in state court violated his constitutional rights. He includes with his notice of removal several motions from the state court proceedings. He does not include the pleading that initiated the state case, nor does he allege that anything in that pleading raised a federal question. I must construe pro se filings liberally. Mr. Szymonik appears to ask the Court to review the state court's orders, which he feels violated his rights. (*See* ECF No. 1 at 3-4) ("The Court is . . . empowered to address . . . fundamental rights as they apply to state court orders which were unconstitutionally obtained, obtained absent proper jurisdiction, and/or obtained via fraud and/or plain error.")

"If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). Under the *Rooker Feldman* doctrine, "federal courts lack jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Canning v. Admin. for Children's Servs.*, 588 F. App'x 48, 49 (2d Cir. 2014); *see also Raffone v.*

*Weihe*, No. 3:15-CV-1173 (VLB), 2016 WL 2642213, at *2 (D. Conn. May 9, 2016) ("The [*Rooker Feldman*] doctrine may be raised *sua sponte* because it goes to subject-matter jurisdiction."). Here, Mr. Szymonik requests that the Court exercise "full jurisdiction and authority . . . over lower state court proceedings involving Constitutional violations and violations of federal law . . . ." (ECF No. 1 at 24.) This Court lacks jurisdiction to consider appeals from the decisions of a state court.[1] The case is therefore REMANDED to the state court from which it was removed.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
November 19, 2018

---

[1] The Court likely also lacks subject matter jurisdiction under the well-pleaded complaint rule for federal question jurisdiction. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the *plaintiff* 's complaint establishes that the case 'arises under' federal law.") The exception to the well-pleaded complaint rule that Mr. Szymonik cites, 28 U.S.C. § 1443, "applies only in cases where a defendant seeks to remove a state cause of action based upon alleged racial discrimination. *Grohs v. Grohs*, No. 3:17-CV-01605 (SRU), 2017 WL 4678182, at *3 (D. Conn. Oct. 17, 2017) (quotation marks and alteration omitted). Mr. Szymonik's notice of removal describes the state court's errors in ruling on his motions. It does not suggest that the complaint raised a federal question. Mr. Szymonik did not attach the state-court complaint to his notice of removal. Removal in this case is also procedurally defective on several grounds, including that it years too late. Because the Court lacks jurisdiction under *Rooker Feldman*, I need not allow Mr. Szymonik to re-file his notice of appeal including the complaint.